ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL INFORMATION |
| v. | : | |
| TRAVIS E. CORRELL | : | NO. 1:07-CR-365 |

THE UNITED STATES ATTORNEY CHARGES THAT:

COUNT ONE

(1) From in or about Autumn, 2001 to on or about December 7, 2005, in the Northern District of Georgia and elsewhere, the defendant, TRAVIS E. CORRELL, aided and abetted by others, devised, and intended to devise a scheme and artifice to defraud and to obtain money and property of a number of investors, by means of false and fraudulent pretenses, representations and promises, including omission of material facts, with defendant TRAVIS E. CORRELL well knowing that said pretenses, representations and promises were and would be false and fraudulent when made, and for the purpose of executing said scheme and artifice to defraud would cause to be transmitted by means of wire and radio communications in interstate commerce, certain signs, signals, and sounds, to wit: wire transfers of funds from outside the State of Georgia to Atlanta, Georgia, in violation of Title 18, United States Code, Section 1343.

## BACKGROUND

(2) At all times material to this information, defendant TRAVIS E. CORRELL operated an investment program personally, and through an entity known as Horizon Establishment ("Horizon"), which he controlled, offering high monthly rates of return to investors.

(3) Beginning in Autumn of 2001, until December 7, 2005, defendant TRAVIS E. CORRELL accepted in excess of $100 million in investment money from private individual investors ("the Investors").

(4) Over the period during which defendant TRAVIS E. CORRELL accepted investment money from the Investors, he operated Horizon as a "Ponzi" scheme, using investment money received from later Investors to pay substantial returns to some of the early Investors.

## THE SCHEME

(5) It was a part of the scheme and artifice to defraud that for the purpose of inducing the Investors to give him their money, defendant TRAVIS E. CORRELL would represent and would cause to be represented to the Investors that he would invest their principal in high-yield programs with foreign banks, which were regulated differently than United States financial institutions, enabling such foreign banks to pay extraordinarily generous returns.

(6) It was further a part of the scheme and artifice to defraud that for the purpose of inducing the Investors to give him

their money, defendant TRAVIS E. CORRELL would promise and would cause to be promised to the Investors that they would receive a monthly return on their investments of between four (4) and eight (8) percent, and ultimately receive their invested principal.

(7) It was further a part of the scheme and artifice to defraud that for the purpose of inducing the Investors to give him their money, defendant TRAVIS E. CORRELL would represent and cause to be represented to the Investors that their principal investments would be used solely for the purpose of funding the foreign bank investment program, and could only be lost if the bank became insolvent or he stole their money, when in truth and in fact, as defendant TRAVIS E. CORRELL then well knew, he would use their investment principal to pay his salary and business expenses, as well as to pay the promised monthly returns to them and other Investors.

(8) It was further a part of the scheme and artifice to defraud that for the purpose of inducing the Investors to allow him to retain their money, defendant TRAVIS E. CORRELL would pay and cause to be paid to said Investors, the promised monthly returns, which he falsely represented and caused to be represented were being paid from the successful investment in the foreign bank program, when in truth and in fact, as defendant TRAVIS E. CORRELL then well knew, the money was never invested with any foreign banks, and the Investors were being paid from the principal

investments of later Investors, in the fashion of a "Ponzi" scheme.

(9) For the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, defendant TRAVIS E. CORRELL did knowingly and willfully cause to be transmitted by means of wire and radio communications in interstate commerce, certain signs, signals and sounds, to wit, approximately $100 million in principal investments from some 2,000 Investors in numerous states.

All in violation of Title 18, United States Code, Sections 1343 and 2.

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

DAVID E. McCLERNAN
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6000
Georgia Bar No. 483555